IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DEXTER J. SMITH, #A6058528,<br><br>        Petitioner,<br><br>  vs.<br><br>M. FRINK,<br><br>        Respondent. | Civil No. 20-00377 SOM-RT<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |

## **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Before the court is pro se Petitioner Dexter J. Smith's ("Smith") Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"). ECF No. 1. Smith challenges his conviction and sentence imposed by the Circuit Court of the First Circuit, State of Hawaiʻi (circuit court) in *State v. Smith*, CR. No. 12-1-1834 (Haw. 1st Cir. 2013). *See id.* & Ex. 2, ECF Nos. 1, 1-3.

The court ordered Smith to show cause on or before October 7, 2020, why the Petition should not be dismissed as time-barred. ECF No. 4. He timely responded. *See* ECF No. 5. Respondent was ordered to file a Preliminary Answer addressing the timeliness of the Petition, and did so on October 27, 2020. *See* ECF No. 6.

The court has carefully reviewed the Petition, Smith's response, Respondent's Preliminary Answer, and public state records and opinions. Smith has not shown that he filed his Petition before the one-year limitation period expired or that equitable tolling is warranted. The Petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1) and DISMISSED with prejudice. Any request for a certificate of appealability is DENIED.

## I. BACKGROUND[1]

On or about October 28, 2013, Smith was convicted of Kidnapping, in violation of Hawaii Revised Statutes ("HRS") § 707-720 (1)(d) (2014) and/or HRS § 707-720 (1)(e) (2014), and sentenced to twenty years' incarceration. *See* ECF No. 6-3. The Hawaiʻi Intermediate Court of Appeals ("ICA") affirmed the circuit court's judgment of conviction and sentence on March 11, 2015 (No. CAAP-13-0005660), ECF No. 6-6; and the Hawaiʻi Supreme Court rejected Smith's state petition for writ of certiorari on June 8, 2015 (No. SCWC-13-0005660), ECF No. 6-8.

On May 17, 2016, Smith filed a Hawaiʻi Rules of Penal Procedure Rule 40 post-conviction petition ("Rule 40 Petition") in the circuit court (SPP No. 16-1-0009). *See* ECF No. 6-9. The circuit court denied the Rule 40 Petition

---

[1] These facts are taken from the Petition, its exhibits, and publicly available state court opinions. *See* 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct."); *McNeal v. Adams*, 623 F.3d 1283, 1285 n.1 (9th Cir. 2010) (same).

on June 12, 2017, and Smith appealed. *Id.*; ECF No. 6-10. The ICA affirmed the circuit court's decision on June 14, 2019 (No. CAAP-17-0000068). ECF No. 6-13. On August 27, 2019, the Hawai'i Supreme Court rejected Smith's petition for writ of certiorari (SCWC-17-0000068). ECF No. 6-15.

Smith filed the present Petition on August 25, 2020, the date that he attests he placed the Petition in the prison mail system for filing with the court. *See* ECF No. 1 at PageID # 15; *see also Stillman v. Lamarque*, 310 F.3d 1199, 1201 (9th Cir. 2003) (explaining the "prison mailbox rule"). Smith alleges three grounds for relief: (1) the evidence presented against him at trial was insufficient or false; (2) prosecutors engaged in misconduct by "not investigating and challenging their witnesses for the truth"; and (3) his counsel on direct appeal was ineffective in not challenging the sufficiency of the evidence or alleging prosecutorial misconduct. ECF No. 1-1 at PageID # 23, 43, 44.

## II.  28 U.S.C. § 2244

A one-year statute of limitation applies to all habeas petitions filed by prisoners in state custody, subject to certain tolling conditions. *See* 28 U.S.C. §§ 2244(d)(1). "Section 2244(d)(1) 'contain[s] multiple provisions relating to the events that *trigger* its running.'" *Lee v. Lampert*, 653 F.3d 929, 933 (9th Cir. 2011) (en banc) (quoting *Holland v. Florida*, 560 U.S. 631, 647 (2010)) (alteration in original). "The triggering events are the dates on which: direct review becomes

final, an unlawful state-created impediment to filing is removed, a new constitutional right is made retroactively available, or the factual predicate of the claim(s) presented could have been discovered with 'due diligence.'" *Lee*, 653 F.3d at 933 (citing 28 U.S.C. § 2244(d)(1)(A)-(D)). The one-year statute of limitation begins running from the latest of these dates. *See* 28 U.S.C. § 2244(d)(1); *Hasan v. Galaza*, 254 F.3d 1150, 1153 (9th Cir. 2001).

In most instances, the limitation period is governed by 28 U.S.C. § 2244(d)(1)(A). *See Herrera v. Ramirez*, No. 1:15-cv-00525-BLW, 2020 WL 5848341, at *5 (D. Idaho Sept. 30, 2020) ("The most common trigger is the first one, 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" (quoting 28 U.S.C. § 2244(d)(1)(A)). It is only in "rare instances" that, pursuant to 28 U.S.C. §§ 2244(d)(1)(B)-(D), "the limitation period may run from a date later than the date on which judgment becomes final." *Baker v. California*, No. C 99-2088 CRB (PR), 2000 WL 74071, at *1 n.1 (N.D. Cal. Jan. 25, 2000).

Statutory tolling applies while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2); *White v. Martel*, 601 F.3d 882, 883 (9th Cir. 2010) (per curiam). Equitable tolling may also apply upon a showing of extraordinary circumstances and diligence. *See Pace v. DiGuglielmo*, 544 U.S.

408, 418 n.8 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."); *Randle v. Crawford*, 578 F.3d 1177, 1186 (9th Cir. 2009).

### III.  DISCUSSION

**A.     Application of 28 U.S.C. § 2244(d)(1)(A) Renders the Petition Untimely**

Under 28 U.S.C. § 2244(d)(1)(A), Smith's conviction and sentence were final on September 7, 2015, ninety-days after the Hawaiʻi Supreme Court rejected his state petition for writ of certiorari on direct appeal and the time to seek certiorari to the United States Supreme Court expired.[2] The one-year limitation period began to run on September 8, 2015. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) ("[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the . . . one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires.").

Smith filed his Rule 40 Petition on May 17, 2016, 252 days after the limitation period began to run. That filing tolled the statute of limitation while the state post-conviction petition was on review before the state courts. *See* 28 U.S.C. § 2244(d)(2); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1010 (9th Cir. 2009).

---

[2] Because the ninety-day deadline to seek certiorari to the United States Supreme Court fell on Sunday, September 6, 2015, it was extended until the end of Monday, September 7, 2015. *See* Sup. Ct. R. 13, 30.

The result of the tolling was that Smith would have 113 days remaining on his one-year limitation period once the Rule 40 proceedings concluded.

The Hawaiʻi Supreme Court rejected Smith's state petition for certiorari, seeking to appeal the ICA's denial of his Rule 40 Petition, on August 27, 2019. The statute of limitation began to run again on Smith's claims the next day, August 28, 2019. Barring other statutory or equitable tolling, it expired 113 days later, on December 18, 2019.

Smith commenced this action on August 25, 2020, when he gave the Petition to prison authorities for mailing to the court, 251 days after the statute of limitation expired. The Petition is, therefore, untimely under 28 U.S.C. § 2244(d)(1)(A).

**B.     Smith is Not Entitled to an Alternate Start Date for the Limitation Period**

Smith does not dispute that his Petition is time-barred if 28 U.S.C. § 2244(d)(1)(A)'s usual rule applies. Instead, relying on 28 U.S.C. § 2244(d)(1)(D), Smith contends that he is entitled to delayed commencement of the statute of limitation because he did not actually learn the factual predicate of his claims until June 14, 2019, when the order denying Smith's appeal from the circuit court's denial of his Rule 40 Petition was filed.. ECF No. 5 at PageID # 237. Section 2244(d)(1)(D) provides that the limitation period may begin to run from "the date on which the factual predicate of the . . . claims presented could have been discovered through the exercise of due diligence." 28 U.S.C.

6

§ 2244(d)(1)(D). "Section 2244(d)(1)(D) provides a petitioner with a later accrual date than section 2244(d)(1)(A) only if vital facts could not have been known by the date the appellate process ended." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) (internal quotations marks omitted). "The 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." *Id.* Although due diligence does not require the maximum feasible diligence, it does require reasonable diligence in the circumstances. *Id.*

In Ground One Smith challenges the sufficiency of the evidence supporting his conviction, ECF No. 1-1 at PageID # 23, and in Ground Two he claims that prosecutors engaged in misconduct by "not investigating and challenging their witnesses for the truth," *id.* at PageID # 43. Smith does not claim, however, that he did not know the facts underlying his 2013 conviction or the procedural background of his case. The factual predicate of both Ground One and Ground Two, therefore, plainly "could have been discovered at the time of his trial through the exercise of due diligence." *Ford*, 683 F.3d at 1236; *see also McKinney v. Gore*, No. 12cv1591-DMS (WVG), 2013 WL 990986, at *2 (S.D. Cal. Mar. 13, 2013) ("Petitioner does not claim he did not know the facts underlying his . . . conviction or its procedural facts. . . . This is insufficient to claim delayed accrual under section 2244(d)(1)(D).").

7

Likewise, to the extent Smith claims in Ground Three that his appellate counsel was ineffective in not challenging the sufficiency of the evidence or asserting prosecutorial misconduct, ECF No. 1-1 at PageID # 44, the factual predicate of this claim was readily discoverable by Smith before the Hawai'i Supreme Court rejected his state petition for writ of certiorari on June 8, 2015. Indeed, Smith does not suggest that he could not have known the arguments raised by his counsel on direct appeal. *See Ford*, 683 F.3d at 1235. The fact that Smith did not appreciate the legal significance of the facts does not salvage his untimely claims. *See Bustamante v. Adams*, 443 F. App'x 241, 242 (9th Cir. 2011) (rejecting petitioner's argument that limitation period was not triggered until he learned the factual predicate of his ineffective assistance of counsel claim); *Johnson v. Walker*, 443 F. App'x 251, 251 (9th Cir. 2011) (same). Smith's Petition is untimely unless equitable tolling applies.

**C.     Smith Has Not Shown That Equitable Tolling is Warranted**

"To be entitled to equitable tolling, a habeas petitioner must demonstrate two things: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Williams v. Filson*, 908 F.3d 546, 558 (9th Cir. 2018) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "This is a very high bar, and is reserved for rare cases." *Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014).

Equitable tolling "is justified in few cases," *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003), because the term "'extraordinary circumstances' necessarily suggests the doctrine's rarity," and implies "that an external force must cause the untimeliness, rather than . . . merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling,'" *Waldron-Ramsey*, 556 F.3d at 1011 (quoting *Harris v. Carter*, 515 F.3d 1051, 1054-55 (9th Cir. 2008)). "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (quoting *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009)).

Smith contends that equitable tolling is warranted because he had limited access to the law library, and he was unfamiliar with federal law and cases. ECF No. 5 at PageID # 239. Smith does not show that restrictions on his access to the law library were extraordinary or that they made it impossible for him to file his petition in a timely manner. *See Ramirez*, 571 F.3d at 998 ("Given even the most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule[.]"); *accord Medrano v. Frauenheim*, 792 F. App'x 422, 424 (9th Cir. 2019) ("[N]ormal restrictions on a prisoner's access to the law library do[] not constitute extraordinary circumstances standing in the way

9

of timely filing a federal petition."). Moreover, "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *accord Poulain v. Gulick*, 700 F. App'x 736, 737 (9th Cir. 2017). Smith has failed to show that equitable tolling is warranted.

Smith commenced this federal action on August 25, 2020, 251 days after the statute of limitation expired. He is not entitled to an alternative date for commencement of the statute of limitation or to equitable tolling and the Petition is DISMISSED as time-barred.

## IV.  CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. *See also* Fed. R. App. P. 22(b). When a claim is dismissed on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quotation omitted). Reasonable jurists would not find the dismissal of this Petition debatable or wrong. Any request for a certificate of appealability is denied.

//

//

## V. <u>CONCLUSION</u>

Smith's Petition is DISMISSED as time-barred pursuant to 28 U.S.C. § 2244(d). A certificate of appealability is DENIED. The Clerk of Court shall enter judgment and close the file.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawai'i, October 29, 2020.



/s/ Susan Oki Mollway
Susan Oki Mollway
Senior United States District Judge