IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DEXTER J. SMITH, #A6058528,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>M. FRINK,<br><br>　　　　　Respondent. | Civil No. 20-00377 SOM-RT<br><br>ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT AND RELIEF FROM A JUDGMENT OR ORDER |

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT AND RELIEF FROM A JUDGMENT OR ORDER**

　　　　Before the court is pro se Petitioner Dexter J. Smith's ("Smith") Motion to Alter or Amend Judgment and Relief From a Judgment or Order ("Motion"). ECF No. 10. Smith seeks reconsideration of the October 29, 2020 Order Dismissing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability. ECF No. 8. For the following reasons, the court DENIES Smith's Motion.

## I. BACKGROUND

　　　　On August 25, 2020, Smith filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") by placing it in the prison mail system for filing with the court. ECF No. 1 at PageID # 15. Smith challenged his conviction and sentence imposed by the Circuit Court of the First Circuit, State of Hawaii ("circuit court") in *State v. Smith*, Cr. No. 12-1-1834

(Haw. 1st Cir. 2013). *See* ECF No. 1 at PageID # 1. Smith's sentence and conviction became final on September 7, 2015. *See* ECF No. 8 at PageID # 462.

Smith alleged in the Petition that his state court proceedings were fundamentally unfair because his conviction was based on insufficient evidence (Ground One), the prosecutor in his case engaged in misconduct by not investigating and challenging the state's witnesses (Ground Two), and his counsel on direct appeal was ineffective (Ground Three). *See* ECF No. 1-1 at PageID ## 23–45 .

The court ordered Smith to show cause why his Petition should not be dismissed as time-barred.[1] ECF No. 4. He timely responded. ECF No. 5. The court also ordered Respondent to file a Preliminary Answer addressing the timeliness of the Petition, and he did so. ECF No. 6.

On October 29, 2020, the court issued an Order Dismissing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability. ECF No. 8. The court concluded that the Petition was untimely under 28 U.S.C. § 2244(d)(1)(A), Smith was not entitled under 28 U.S.C. § 2244(d)(1)(D) to an alternate start date for the limitation period, and Smith failed to show that equitable tolling was warranted. *Id.* at PageID ## 462–67.

---

[1] Section 2244(d)(1) states that "[a] 1-year period of limitation shall apply to an application for a wit of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

In dismissing the Petition, the court rejected Smith's argument that he was entitled to an alternate state date for the limitation period because the factual predicate of his claims were the Hawaii Intermediate Court of Appeals's ("ICA") June 14, 2019 decision affirming the circuit court's denial of his Hawaii Rules of Penal Procedure ("HRPP") Rule 40 post-conviction petition, and the Hawaii Supreme Court's August 27, 2019 rejection of his state petition for writ of certiorari seeking to appeal the ICA's denial of his HRPP 40 petition. *See* ECF No. 5 at PageID # 237; ECF No. 8 at PageID ## 463–65.

To the extent Smith attempted arguments in Ground One and Ground Two related to his trial and conviction, the court explained that the factual bases for those claims were plainly discoverable before his conviction and sentence became final on September 7, 2015. *Id.* at PageID # 464.  Similarly, to the extent Smith attempted to challenge in Ground Three the performance of his counsel on direct appeal, the court explained that the factual basis for that claim was readily discoverable before the Hawaii Supreme Court's June 8, 2015 rejection of Smith's state petition for writ of certiorari on direct appeal. *Id.* at. PageID # 465.  Although Smith may not have appreciated the legal significance of the readily discoverable facts until later, the court explained, this did not salvage his untimely claims. *Id.*

## II. DISCUSSION

Smith moves the court to reconsider its October 29, 2020 Order under LR60.1. ECF No. 10 at PageID # 470. Local Rule 60.1 states that motions for reconsideration of case-dispositive orders "shall be governed by Fed. R. Civ. P. 59 or 60, as applicable." Under Fed. R. Civ. P. 59(e), a motion to alter or amend a judgment must be filed no later than twenty-eight days after entry of the judgment. A motion for reconsideration brought within this time period is construed as a Rule 59(e) motion regardless of the label put on it by the moving party.[2] *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir.2001). Here, judgment was entered on October 29, 2020, ECF No. 9, and Smith filed his Motion on November 22, 2020, by placing it in the prison mail system, ECF No. 10-7. Because Smith filed his Motion twenty-four days after entry of the judgment, it is properly analyzed under Fed. R. Civ. P. 59(e). *Am. Ironworks & Erectors*, 248 F.3d at 898–99.

Reconsideration under Fed. R. Civ. P. 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted); *see also* LR60.1 ("Motions for

---

[2] A motion for reconsideration filed after the expiration of twenty-eight days is construed as a motion for relief from judgment under Fed. R. Civ. P. 60(b). *Am. Ironworks & Erectors*, 248 F.3d at 898–99.

4

reconsideration are disfavored."). A motion for reconsideration must: (1) demonstrate reasons that the court should reconsider its prior decision; and (2) must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Fisher v. Kealoha*, 49 F. Supp. 3d 727, 734 (D. Haw. 2014). The Ninth Circuit has said that reconsideration may be appropriate if: (1) the district court is presented with newly discovered evidence; (2) the district court committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Mere disagreement with a previous order is an insufficient basis for reconsideration. *Fisher*, 49 F. Supp. 3d at 735. This court "'enjoys considerable discretion in granting or denying the motion.'" *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc)).

Smith maintains that he was entitled under 28 U.S.C. § 2244(d)(1)(A) to an alternate start date for the one-year limitation period on Ground One and Ground Two of his Petition.[3] ECF No. 10 at PageID # 471–73. In making this argument,

---

[3] Smith does not dispute that the court properly concluded that his Petition was time-barred if 28 U.S.C. § 2244(d)(1)(A)'s usual rule applies. *See* ECF No. 8 at PageID ## 463–65. Nor does he dispute the court's conclusion that the factual predicate of Ground Three in his Petition was readily discoverable before the Hawaii Supreme Court rejected his state petition for writ of certiorari on direct

Smith does not present any newly discovered evidence, nor does he rely on an intervening change in controlling law. *See Sch. Dist. No. 1J,* 5 F.3d at 1263. Smith solely contends that the court's October 29, 2020 Order was based on "errant law" and "errant facts." *Id.* at PageID # 472. That is not so.

As the court explained in dismissing the Petition, Smith failed to show that the facts underlying his 2013 conviction or regarding the procedural background of his case were not readily discoverable until 2019. ECF No. 8 at PageID # 464. Indeed, Smith now acknowledges that he "knew at trial that the evidence was insufficient and false." ECF No. 10 at PageID # 373.

Smith claims that he did not appreciate that "he was taking part in a fundamentally unfair proceeding from the trial all the way to the Supreme Court of Hawaii." *Id.* As the court explained in dismissing the Petition, however, subsequently appreciating the legal significance of readily discoverable facts does not entitle Smith to an alternate start date for the limitation period. ECF No. 8 at PageID ## 463–65; *see Ford v. Gonzalez,* 683 F.3d 1230, 1235 (9th Cir. 2012) ("The 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered."); *Hasan v. Galaza,* 24 F.3d 1150, 1154 n.3 (9th Cir. 2001)

---

appeal on June 8, 2015. *Id.* at PageID # 465. Finally, Smith does not dispute the court's conclusion that he failed to show that equitable tolling was warranted. *See id.* at PageID # 465–67.

6

("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)); *see also Bustamante v. Adams*, 443 F. App'x 241, 242 (9th Cir. 2011) (noting that that the statute of limitations begins to run when the prisoner knows, or through diligence could discover, the important facts, not when the prisoner recognizes their legal significance); *Johnson v. Walker*, 443 F. App'x 251, 251 (9th Cir. 2011) (same).

Smith cites *Redd v. McGrath*, 343 F.3d 1077 (9th Cir. 2003), *see* ECF No. 10 at PageID ## 472–73, as the "precedent case," but it does not help him. In *Redd*, the Ninth Circuit also said that the date of the factual predicate for purposes of 28 U.S.C. § 2244(d)(1)(D) "is determined . . . by inquiring when [the petitioner] could have learned of the factual basis for his claim through the exercise of due diligence." 343 F.3d at 1082. The court concluded that this rule applies even when doing so "would mean that the limitations period was running at a time when [the petitioner] was procedurally barred from filing a federal habeas petition." *Id*. This court's Order is entirely consistent with *Redd*. As the court explained, the factual bases for Grounds One and Two could have been learned by the time Smith conviction and sentence became final on September 7, 2015. Indeed, as noted above, Smith now admits that he believed during trial that the evidence against him was false and insufficient to support a conviction.

7

Because the facts underlying Grounds One and Two were readily discoverable by the time Smith's conviction and sentence became final on September 7, 2015, he is not entitled to an alternate start date for the limitation period.[4] *See Holmes v. Spencer*, 685 F.3d 41, 59 (1st Cir. 2012) (explaining that the phrase "factual predicate" means evidentiary facts or events, and not court rulings or legal consequences of the facts).

### III. CONCLUSION

For the foregoing reasons, Smith's Motion is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, December 4, 2020.



/s/ Susan Oki Mollway
Susan Oki Mollway
Senior United States District Judge

---

[4] To the extent Smith disagrees with the court's previous description of his claim in Ground One, see ECF No. 10 at PageID ## 473–75, this does not undermine the court's conclusion that the factual predicate underlying that ground was readily discoverable long before 2019, *see* ECF No. 8 at PageID ## 463-65.